**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| PAULA J.R., | ) | NO. SA CV 19-1184-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ANDREW SAUL, COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
|_____| ) | |

**PROCEEDINGS**

Plaintiff filed a complaint on June 14, 2019, seeking review of the Commissioner's denial of benefits. The parties consented to proceed before a United States Magistrate Judge on July 31, 2019. Plaintiff filed a motion for summary judgment on November 6, 2019. Defendant filed a motion for summary judgment on December 6, 2019. The Court has taken the motions under submission without oral argument. See L.R. 7-15; "Order," filed June 17, 2019.

///

///

**BACKGROUND**

Plaintiff, a former administrative assistant, asserted disability since September 20, 2013, based on a host of alleged impairments (Administrative Record ("A.R.") 68, 229, 267). The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from Plaintiff at two hearings (A.R. 12-226, 229-1339).

In her testimony, Plaintiff alleged pain and other subjective symptoms of disabling severity (A.R. 40-42, 57-63). She claimed she suffers "head to toe" pain "all the time," which she rated as a ten on a pain severity scale of one to ten (A.R. 57). Plaintiff also claimed she stays in bed "all day," uses a walker when out of bed and needs help even to shower (A.R. 40-41).

In written statements, Plaintiff similarly alleged continuous, extraordinary "complete body pain" (A.R. 1179-81). According to Plaintiff, the "sensation" of her pain is accurately described as "aching," "cramping," "numbing," "stinging," "burning," "heavy," "sharp," "tight," "cold," "hot," "shooting" and "tingling" (A.R. 1180). According to Plaintiff, all of the following factors increase her pain: "weather changes," "fatigue," "emotional stress," "tension," "distraction (T.V., etc.)," "bowel/bladder function," "coughing or sneezing," "heat," "cold," "massage," "sleep or rest," "medication" and "alcohol" (A.R. 1181).

In the most recent administrative decision, the ALJ found Plaintiff suffers from certain severe impairments, including

degenerative disc disease and fibromyalgia (A.R. 18). However, the ALJ also found that Plaintiff never lost the residual functional capacity to perform a range of light work, including Plaintiff's past relevant work (A.R. 19-25).

The ALJ discounted Plaintiff's subjective allegations regarding her alleged symptomatology (A.R. 20-22). The ALJ expressly reasoned that Plaintiff's subjective allegations were: (1) inconsistent with other statements by Plaintiff reflected in the record; (2) inconsistent with the observations of third parties reflected in the record; (3) unsupported by the objective medical evidence contained in the record; (4) belied by the conservative nature of the treatment received by Plaintiff; and (5) inconsistent with Plaintiff's lack of muscle atrophy (id.). The Appeals Council denied review (A.R. 1-3).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see also Widmark v.

Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied. The Administration's findings are supported by substantial evidence and are free from material[1] legal error. Contrary to Plaintiff's arguments, the ALJ properly discounted Plaintiff's subjective allegations.

An ALJ's assessment of a claimant's credibility is entitled to "great weight." Anderson v. Sullivan, 914 F.2d 1121, 1124 (9th Cir. 1990); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985). Where, as

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Garcia v. Commissioner, 768 F.3d 925, 932-33 (9th Cir. 2014); McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011).

here, an ALJ finds that the claimant's medically determinable impairments reasonably could be expected to cause some degree of the alleged symptoms of which the claimant subjectively complains, any discounting of the claimant's complaints must be supported by specific, cogent findings. See Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010); Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); but see Smolen v. Chater, 80 F.3d 1273, 1282-84 (9th Cir. 1996) (indicating that ALJ must offer "specific, clear and convincing" reasons to reject a claimant's testimony where there is no evidence of "malingering").[2] An ALJ's credibility finding "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." See Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004) (internal citations and quotations omitted); see also Social Security Ruling ("SSR") 96-7p (explaining how to assess a claimant's credibility), superseded, SSR 16-3p (eff. Mar. 28,

///

///

///

---

[2] In the absence of an ALJ's reliance on evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard. See, e.g., Leon v. Berryhill, 880 F.3d 1041, 1046 (9th Cir. 2017); Brown-Hunter v. Colvin, 806 F.3d 487, 488-89 (9th Cir. 2015); Burrell v. Colvin, 775 F.3d 1133, 1136-37 (9th Cir. 2014); Treichler v. Commissioner, 775 F.3d 1090, 1102 (9th Cir. 2014); Ghanim v. Colvin, 763 F.3d 1154, 1163 n.9 (9th Cir. 2014); Garrison v. Colvin, 759 F.3d 995, 1014-15 & n.18 (9th Cir. 2014); see also Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting earlier cases). In the present case, the ALJ's findings are sufficient under either standard, so the distinction between the two standards (if any) is academic.

2016).³  As discussed below, the ALJ stated sufficient reasons for finding Plaintiff's subjective allegations less than fully credible.

The ALJ noted that Plaintiff's statements concerning her activities and limitations have been inconsistent (A.R. 21). For example, Plaintiff claimed to be wholly inactive and yet also stated that she exercised "90 minutes per week at a moderate to strenuous level" (A.R. 391). Inconsistencies in a claimant's statements may impact adversely on the claimant's credibility. See Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999); Moncada v. Chater, 60 F.3d 521, 524 (9th Cir. 1995); Fair v. Bowen, 885 F.2d 597, 604 n.5 (9th Cir. 1989).

The ALJ also properly cited inconsistencies between Plaintiff's allegations of disabling limitations and the observations of third parties (A.R. 21-22). For example, whereas Plaintiff claimed to need an assistive device, such as a walker, in order to ambulate, third party examiners observed that Plaintiff had no abnormality of gait and had no need of an assistive device to ambulate (A.R. 575, 1316, 1335). Similarly, whereas Plaintiff alleged near total inability to function physically because of allegedly constant and intense pain, examiners consistently reported that Plaintiff had a normal range of motion and no tenderness (A.R. 337, 341, 389, 398, 420, 428, 444, 453, 493, 502,

---

³ The appropriate analysis under the superseding SSR is substantially the same as the analysis under the superseded SSR. See R.P. v. Colvin, 2016 WL 7042259, at *9 n.7 (E.D. Cal. Dec. 5, 2016) (stating that SSR 16-3p "implemented a change in diction rather than substance") (citations omitted); see also Trevizo v. Berryhill, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (suggesting that SSR 16-3p "makes clear what our precedent already required").

547, 651, 722, 834, 860, 897, 938, 1039, 1116, 1234, 1317-18). An ALJ properly may discount a claimant's assertions which are inconsistent with the observations of third parties. See Verduzco v. Apfel, 188 F.3d at 1090 (observation of lack of need for assistive device); see also SSR 16-3p at *7; cf. Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001) (a claimant's tendency to exaggerate is an adequate reason for rejecting the claimant's testimony); Brawner v. Secretary, 839 F.2d 432, 433 (9th Cir. 1987) (misrepresentations made by claimant in the course of pursuing disability benefits justifies the rejection of claimant's credibility).

In discounting Plaintiff's subjective complaints, the ALJ also properly relied in part on the objective medical evidence (A.R. 21). As Plaintiff concedes, the "objective findings are mild" (Plaintiff's Motion for Summary Judgment, filed November 6, 2019, at 7). An ALJ permissibly may rely in part on a lack of supporting objective medical evidence in discounting a claimant's allegations of disabling symptomatology. See Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ can consider in his [or her] credibility analysis."); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (same). Contrary to Plaintiff's apparent argument, the mere existence of a fibromyalgia diagnosis does not preclude an ALJ from considering the objective medical evidence in evaluating the claimant's credibility. See, e.g., Stiles v. Astrue, 256 Fed. App'x 994, 997-98 (9th Cir. 2007); Gill v. Colvin, 2016 WL 9019614, at *4 (D. Nev. July 15, 2016), adopted, 2017 WL 2230332 (D. Nev. May 22, 2017).

1    The ALJ's citing of Plaintiff's assertedly "conservative"
2 treatment is perhaps less persuasive than the other factors cited.  A
3 limited course of treatment sometimes can justify the rejection of a
4 claimant's testimony, at least where the testimony concerns physical
5 problems.  See, e.g., Tommasetti v. Astrue, 533 F.3d 1035, 1040 (9th
6 Cir. 2008); Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999).  In
7 the present case, however, it is doubtful that Plaintiff's treatment
8 accurately may be characterized as "conservative" within the meaning
9 of Ninth Circuit jurisprudence.  See, e.g., Childress v. Colvin, 2014
10 WL 4629593, at *12 (N.D. Cal. Sept. 16, 2014) ("[i]t is not obvious
11 whether the consistent use of [Norco] (for several years) is
12 'conservative' or in conflict with Plaintiff's pain testimony");
13 Aguilar v. Colvin, 2014 WL 3557308, at *8 (C.D. Cal. July 18, 2014)
14 ("It would be difficult to fault Plaintiff for overly conservative
15 treatment when he has been prescribed strong narcotic pain
16 medications").

17

18      Finally, in the Ninth Circuit it is uncertain whether a lack of
19 muscle atrophy is a proper basis for discounting a claimant's
20 credibility.  Relevant Ninth Circuit case law is not uniform.  See
21 Lapierre-Gutt v. Astrue, 382 Fed. Appx. 662, 665 (9th Cir. 2010)
22 (rejecting lack of evidence of atrophy as a reason for adverse
23 credibility determination, where no medical evidence "suggests that
24 high inactivity levels necessarily leads to muscle atrophy");
25 Valenzuela v. Astrue, 247 Fed. Appx. 927, 929 (9th Cir. 2007) (ALJ's
26 adverse credibility determination was not supported by substantial
27 evidence where the record was devoid of any medical testimony to
28 support ALJ's finding that absence of evidence of muscular atrophy

indicated claimant's symptoms were not as severe as alleged); but see Gates v. Colvin, 621 Fed. App'x 457, 457-58 (9th Cir. 2015) ("lack of muscle atrophy" deemed a sufficient reason for adverse credibility determination); Stiles v. Astrue, 256 Fed. App'x at 997-98 (upholding ALJ's discounting of claimant's credibility based in part on the lack of evidence of "muscle atrophy or wasting"); Osenbrock v. Apfel, 240 F.3d 1157, 1165-66 (9th Cir. 2001) (upholding an ALJ's rejection of a claimant's credibility where the ALJ made specific findings including, but not limited to, a lack of atrophy).

Notwithstanding the questionable validity of one or more of an ALJ's stated reasons for discounting a claimant's credibility, a court properly may uphold the credibility determination where sufficient valid reasons have been stated. See Carmickle v. Commissioner, 533 F.3d 1155, 1162-63 (9th Cir. 2008). In the present case, the ALJ stated sufficient valid reasons to allow this Court to conclude that the ALJ discounted Plaintiff's credibility on permissible grounds. See Moisa v. Barnhart, 367 F.3d at 885. The Court therefore defers to the ALJ's credibility determination. See Lasich v. Astrue, 252 Fed. App'x 823, 825 (9th Cir. 2007) (court will defer to Administration's credibility determination when the proper process is used and proper reasons for the decision are provided); accord Flaten v. Secretary of

///
///
///
///
///
///

Health & Human Services, 44 F.3d 1453, 1464 (9th Cir. 1995).[4]

**CONCLUSION**

For all of the foregoing reasons, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 11, 2019.

```
                              /s/
                         CHARLES F. EICK
                  UNITED STATES MAGISTRATE JUDGE
```

---

[4] The Court should not and does not determine de novo the accuracy of Plaintiff's testimony and statements concerning her subjective symptomatology. It is for the Administration, and not this Court, to evaluate the accuracy of Plaintiff's testimony and statements regarding the intensity and persistence of Plaintiff's subjective symptomatology. See Magallanes v. Bowen, 881 F.2d 747, 750, 755-56 (9th Cir. 1989).